IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NORA SECATERO,

       Plaintiff,

                                 Case No. 2:11-CV-00650-MV/CG

v.

WAL-MART STORES, INC.,
a Delaware Corporation

       Defendant.

## PROTECTIVE ORDER OF CONFIDENTIALITY

**THIS MATTER** comes before the Court on the parties' *Joint Motion for Entry of Protective Order of Confidentiality*. (Doc. 39). The Court, having considered the motion, noting that it is unopposed, and otherwise being fully advised in the premises, **FINDS** good cause to **GRANT** the motion.

The Court hereby enters the following Protective Order of Confidentiality ("Order"). Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation and thereafter as stated under Section 18 of this Order. In support of this Order, it is found that:

      A.     It is likely that discovery in this litigation will cause the disclosure or production of documents or other material containing private, confidential and/or proprietary business information and/or trade secrets of Defendants;

      B.     Public dissemination and disclosure of this confidential business information and/or trade secrets could severely injure or damage the persons or entities who own the information and could place those persons or entities at a competitive disadvantage; and

      C.     To protect the representative interests of the parties, and to facilitate the

progress of disclosure and discovery in this case,

**IT IS THEREFORE ORDERED** as follows:

1. CONFIDENTIAL MATERIAL:  As used in this Protective Order, "Confidential Material" shall refer to all documents, things, or information designated as confidential, proprietary or trade secret, by any party to this lawsuit, or by any non-party who produces documents, things, or information disclosed pursuant to discovery or subpoena in this lawsuit.

2. DESIGNATION OF CONFIDENTIAL MATERIAL:  Any party to this lawsuit, or any non-party who produces documents, things, or information pursuant to discovery or subpoena in this lawsuit, may designate as confidential, proprietary or trade secret, any document, thing, or other information (or part thereof) that it produces or discloses, formally or informally, in this lawsuit.  Such designation shall be made by placing the word "CONFIDENTIAL" on the document or thing.

3. OBJECTION TO DESIGNATION:  If a party objects to a designation of material as confidential, proprietary or trade secret, that party must, within thirty (30) calendar days of becoming apprised of such designation, so advise the designating party by stating its objections in writing and with particularity.  Upon receipt of any objection to a designation of material as confidential, proprietary or trade secret, the parties shall confer in good faith to resolve the objection.  If such objections cannot be resolved, the parties may raise the issue by motion or other notice with the Court.  In the event of an objection, the material shall be treated as Confidential Material until the Court rules otherwise.

3. ACCESS TO CONFIDENTIAL MATERIAL:  Access to Confidential Material shall be limited to the following "Authorized Persons," solely in performance of their duties in connection with trial preparation in this lawsuit:

    (a) The Court and persons employed by the Court;

      (b)    Any jury or trier of fact in this lawsuit;

      (c)    The parties to this lawsuit;

      (d)    The respective counsel of record for the parties to this lawsuit;

      (e)    Persons generally employed or retained by the counsel of the parties to this lawsuit for secretarial, paralegal, or other administrative functions, but only to the extent that such disclosure is necessary for the conduct of litigation;

      (f)    Persons specifically employed or retained by counsel in connection with this lawsuit, including expert witnesses and consultants;

      (g)    Actual or potential deposition or trial witnesses in this lawsuit, to the extent reasonably necessary to prepare such witnesses to testify concerning this lawsuit.

4.    DISCLOSURE TO OTHER PERSONS: In the event a party should conclude that, for the purposes of this lawsuit, it needs to disclose Confidential Material to person(s) not specified in Section 4 and 5 above, it may do so only with the written consent of the party who designated the material as confidential, or by Court order.

5.    DUTY TO ADVISE OF RESTRICTIONS: Confidential Material or information contained therein shall not be disclosed or communicated to any person identified in Sections 4(c) or 4(e) above, unless and until that person has been specifically advised of the restrictions set forth in this Protective Order.

6.    SIGNED ACKNOWLEDGMENT REQUIREMENT: Confidential Material or information contained therein shall not be disclosed or communicated to any person identified in Sections 4(f) or 4(g) above, unless and until that person has been given a copy of this Protective Order and has signed an Acknowledgment, attached hereto as Exhibit A, acknowledging receipt and agreement with the terms of this Protective Order.  The party

disclosing or communicating the Confidential Material to any person identified in Sections 4(f) or 4(g) shall maintain that Acknowledgement and shall disclose it to opposing counsel within thirty (30 days) after the deadline for that party to identify their testifying expert(s), or if not an expert, within thirty (30) days after the deadline for that party to identify the individual(s) as a witness.  While non-testifying consultants shall sign and date the Acknowledgement before reviewing or receiving any Confidential Material, Acknowledgements signed by non-testifying consultants are specifically excluded from the requirement that they be disclosed to opposing counsel.  However, should the non-testifying consultant become a testifying expert, the Acknowledgment for that person(s) shall be disclosed within thirty (30) days after the party identifies that individual(s) as a testifying witness(s).

      7. USE OF CONFIDENTIAL MATERIAL: All Confidential Material shall be used for the purpose of this lawsuit only.  No Confidential Material will be produced, disclosed, or otherwise utilized in any other action or proceeding, either inside or outside of the judicial system, regardless of the parties involved.  If another court or an agency subpoenas or orders production of material that is Confidential Material under the terms of this Protective Order, the party shall promptly notify the party who designated the material as confidential of the service of such subpoena or order and provide that party with sufficient time in which to object.

      8. DEPOSITIONS:  If Confidential Material is used or referred to during depositions, counsel may require that only its representatives, Authorized Persons, the deponent, the court reporter, and the camera operator (if applicable) shall be present for the portion of the deposition dealing with Confidential Material.

      Counsel may (but is not required to) state on the record at the deposition that the deposition includes information claimed to be Confidential Material.  In that event, Counsel

may designate by page and line the portions for which such claim is made within forty-five (45) days after receipt of the completed deposition transcript and give written notice of this designation to the court reporter and all other counsel.  This designation shall be placed on the first page in the original deposition transcript and in all copies by the court reporter and by all counsel.  Pending such designation, the deposition transcript and all exhibits shall be treated in their entirety as Confidential Material.  At the termination of this lawsuit, the portions of each deposition so designated as confidential shall be returned or destroyed pursuant to Section 17 below.

9. COURT RECORDS:  If a party seeks to file with the Court any material designated as confidential by another party, the party shall either file such motion, pleading, exhibit or other submission under seal, or first give sufficient advance notice to the designating party to allow it to file a motion for protective order requesting the Confidential Material be filed under seal and to allow the designating party to provide a version of the Confidential Material redacted at its discretion, to be filed unsealed while awaiting a ruling from the Court.  A party who has not objected to the designation of material as confidential pursuant to Section 3 above may not oppose a motion to file that same material under seal.

10. EVIDENCE AT TRIAL:  Confidential Material may be introduced into evidence at trial, if otherwise admissible, provided that the party seeking to do so shall give sufficient advance notice to the Court and to the other parties to request arrangements to be made for *in camera* treatment of the Confidential Material.  In the event that a transcript of the trial is prepared, any party may request that certain portions thereof be filed under seal.

11. INADVERTENT DISCLOSURE (DUTIES): Should any Confidential Material be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order by the party who first learns of the disclosure, and

upon such notice shall be subject to the terms of this Order; (b) shall be identified immediately to all other parties; and (c) shall be directed if within the control of a party, or otherwise asked, to sign the Acknowledgment (Exhibit A).

12. INADVERTENT DISCLOSURE (EFFECT): Inadvertent disclosure of any Confidential Material during discovery in this lawsuit without a confidential designation as provided for herein, or the inadvertent production of any document, material, or other information, not intended to be produced (*e.g.*, due to a claim of privilege), shall be without prejudice to any later claim that it is Confidential Material or should be withheld from production on the basis of privilege and no party shall be held to have waived future assertion of any rights by such inadvertent disclosure.

13. SCOPE: Nothing in this Protective Order shall be deemed to preclude a party's right to (a) oppose discovery on grounds not addressed under the terms of this Protective Order, or (b) object on any ground to the admission of any Confidential Material into evidence at trial. Further, nothing contained in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and/or information sought.

14. COPIES OF CONFIDENTIAL MATERIAL: No party, individual, representative or entity given access to Confidential Material shall for himself, herself, or itself make more copies of any Confidential Material than are reasonably necessary for the conduct of litigation in this lawsuit.

15. RETENTION OF ACKNOWLEDGMENTS: All Acknowledgment forms completed pursuant to this Protective Order shall be retained by the parties' counsel for a period of one (1) year following the final resolution of this lawsuit, including any appeals, and provided to the opposing party on request after conclusion of the litigation.

16. RETURN OR DESTRUCTION: Within thirty (30) days after the final resolution of this lawsuit, including any appeals, the parties' counsel shall file a certification of compliance that they have returned or destroyed all originals and copies of Confidential Material, including without limitation any copies provided to, and/or made by, persons identified in Sections 4(c), 4(e), 4(f), and 4(g).

17. DURATION: The provisions of this Protective Order shall continue to be binding after the termination of this lawsuit. The Court retains and shall have continuing jurisdiction over the parties and the recipients of Confidential Material for enforcement of the provisions of this Protective Order.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

Submitted by:

By: /s/ Erin E. Langenwalter
    Erin E. Langenwalter
    Craig W. Philips
    LEWIS AND ROCA LLP
    Attorneys for Defendants
    201 Third Street NW, Suite 1950
    Albuquerque, NM 87103-1027
    Telephone: (505) 764-5400
    Facsimile: (505) 764-5480

Approved by:

By:   s/ Richard J. Valle

Richard J. Valle
Criostoir O'Cleireachain
Carter & Valle Law Firm
8012 Pennsylvania Circle, NE
Albuquerque, NM 87110

Douglas A. Azar
Azar Law Office, PC
2527 Wyoming NE, Suite B
Albuquerque, NM 87112

***EXHIBIT A***

**UNDERSTANDING AND AGREEMENT REGARDING
CONFIDENTIAL DOCUMENTS AND INFORMATION**

I hereby affirm that I have read and received a copy of the Protective Order of Confidentiality (the "Protective Order") entered in *Nora Secatero v. Wal-Mart Stores Inc.*, Case No. 2:11-CV-00650-MV/CG, pending in the United States Court for the District of New Mexico (the "Court"). I understand the terms of the Protective Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Protective Order.

I agree not to disclose Confidential Material other than as set forth in the Protective Order. I agree not to make any copies of Confidential Material except in accordance with the Protective Order and to return all Confidential Material to the party or attorney who provided it and to return or destroy all copies.

**Signature:**

**Printed Name:**

**Date:**